Good morning, Your Honors. Originally, I would have reserved some time as the Court has addressed, as noted, but I will be just arguing the issues that are before the Court. The first thing is that the Court actually sent a letter to both counsel posing an issue as to whether a new amendment to the statute of this year, January of 2010, has any kind of statutory retroactivity and has any bearing on this case. My reading of the statute, the new statute, addresses the definition of what a regular employee is. It does not, however, speak at all to the question of retroactivity. Would you agree that there's nothing from the text of the statute that this Court can look to and say evinces an intent on the part of the legislature with respect to application of the statute retroactively or not? That's correct, Your Honor. Absolutely. And as I review the statute, both the current version of Title III, Section 530, we have to look also at the definition in Section 451 that deals with the regular employee. That definition has been changed now in Section 530. But to be candid and very honest with the Court, what appears to be the change in the statute is that they have now added temporary employees who have served for two years now become regular employees. It also appears that the new statute in Section 530 really codifies what the existing law is in the Virgin Islands currently. The regular employee, of course, becomes important because that's the category that is entitled to due process, that is, notice and hearing. That's correct, Your Honor. And that was the big change in the amendment? I mean, did the change in the amendment affect the definition of regular employee? It expanded the definition. The category of individuals who may qualify for regular employer? That's correct. But again, Your Honor, the definition in 451 states that a regular employee's employee has been appointed to the position in the classified service in accordance with the chapter after completing his work test period. That's the only definition before the amendment of a regular employee. This one expanded it quite a bit. I'm sorry to cut you off, but did it also remove the requirement that a regular employee participate in the merit selection system or qualify for those requirements? No, Your Honor. In fact, under Section 530, it states that's been appointed to a position in the classified or career service or served in a temporary position for more than 2 years in a department or agency of the executive branch or an instrumentality as defined in the above sections, and then goes on to say who is not on contract, not on probation, and therefore subject to dismissal, demotion, suspension only for cause. So again, it's expanded the definition, but when you read all the case law, it really has codified what is already existing case law. But it does, however, Your Honors, add that a temporary employee or temporary positioned employee is now part of the definition of regular employee. That's brand new. I may have taken you off your presentation, but what is the best argument that you have for your point that these employees were properly fired without notice and hearing? Your Honor, the record is clear that they did not go through the appropriate statutory process which is required for regular employees. As a regular employee in the Virgin Islands, you have to apply. I'm sorry to cut you off again, but I thought your argument is essentially that they're exempt employees who were designated exempt employees and that that exemption or that designation was sent to the legislature. That designation was submitted to the legislature. I don't understand that last part of that. You're arguing because the budget was submitted to the legislature, their appointment and designation was submitted as part of the normal budgeting process? That's correct, Your Honor, and let me kind of step back for a moment if I may. If that's true, then why wouldn't everyone have their employment submitted to the legislature? Because every public employee, their salary comes as part of the appropriation process. Doesn't that read that restriction right out of the ordinance or statute? Your Honor, let me again take a step back. What happens in terms of the process of an exempt employee is that the employee's information essentially is submitted to the governor and the governor Individually. I'm sorry? Individually. Everyone's is individually. Maybe not, it may be all sent at one time, but they're individualized in that submission to the governor. That's correct. Depending on when the position is determined to be available or needed, it's submitted to the governor. As part of the budgetary process, annually the governor does submit to the legislature both regular and exempt employee's information regarding their employment, their salaries and anything else in accordance with some of the regular employees who might be under collective bargaining agreements. So every position goes to the legislature, whether it's exempt or not? It's through the budgetary approval process. Now let me just say that in fairness, there is not a process in our statutes that say this is what the process should be. We're looking at terminology. It says the word submitted. At this point, there's no procedure which specifically says this is what needs to occur. The argument that the government has made is that through the annual budgetary process, the legislature is made aware of the submission of the both exempt, regular, all employees, and they essentially approve through that budget. How do you approve submission to the legislature? And did you do that in this case? I don't want to confuse wording, and that is the governor approves the hiring of the person and through the budgetary process, all employees, both exempt, regular, and any other category of career service are submitted to the legislature for approval. Each commissioner… How do we know that that was done in this case? There's nothing in the record to that effect, is there? I mean, I know you've raised the argument, but is there any support in the record that Iles and Gerard's positions, along with all other government positions, are submitted to the legislature? Are you just arguing that because they got a paycheck, it must have happened? No, Your Honor. In fact, the testimony of, I believe, the Director of Personnel, Director Herman, testified as to what the process is, that every agency, department, commission, board, peers before the legislature, submits their budget with their employees and identifies who is going to be under their payroll and or positions in those. You know, that background is very helpful, I would imagine, but the question is how do we know that these two individuals' names were submitted to the legislature as exempt employees? Where in the record is there proof that their designations went to the legislature other than describing the process? Other than the testimony of the Director Herman, that would be the only indication. If that's an affirmative element that you have to prove, haven't you failed? No, Your Honor, because as I said earlier, Director Herman did testify as to the process that each individual commissioner and any department head who is in the executive branch of government must submit to the budget. So if that's the process that must have been done, is that pretty much your argument? Your Honor, it's required by the Revised Organic Act. Your Honor, my real argument is because they're employees and got a paycheck, they must have gone through the process of generating the paycheck. That's really what your argument is. Well, from a standpoint whether it's through the executive or legislative, all positions have to be approved and have to be funded through the legislature. The Revised Organic Act requires that any appropriations or any money spent must be approved by the legislature. So in that respect, it had to have been submitted, otherwise they would not have been able to be part of the system. Supposing we were to disagree with you and say that you haven't proved what you have to prove. So what happens then? Do they become classified employees? No, Your Honor, not at all, because in order to— Well, what if we say that they're not exempt employees because you didn't follow the proper procedure or that you didn't prove that they're exempt employees? Your Honor, at this point, our statutes require a certain procedure to become a classified employee, and this did not occur in this situation. What if we say they're not exempt employees? They're just not exempt employees. What kind of employees can we say they are? That's a difficult question to answer simply because we really have too many— Well, aren't there two categories? Exactly, that's what I was just going to say. There are exempt employees and there are those that are classified, and the classified employees are the ones that are entitled to due process notice in a hearing. So it seems to me if they're not exempt employees, they need to be classified employees. By default. By default. So your burden is to demonstrate that they're exempt employees, and if you fail in doing that, the two plaintiffs in this case are entitled to notice in the hearing. But, Your Honor, it's just not simply a matter of the governor approving and submitting. There's more to the process, if you will, in that— I'm at a more general level than that, and that was simply to try to reduce the inquiry as I understand where we are now. And that is an issue of whether or not these two employees are exempt, and that in showing that, it's your burden. And if you can't meet the statutory test to demonstrate that they are exempt, then their dismissal is entitled to notice in the hearing. Let me add a point, Your Honor, and that is in the record we have showed that they are exempt employees in that they were in confidential relationships to policymakers, and that is part of the criteria that is necessary to be an exempt employee. All right. But we're hearing a preliminary appeal from a preliminary injunction. That's correct, Your Honor. Right? Yes. So I'm assuming that your attack is based simply on the likelihood of success on the merits. I mean, this is going to—this goes back even if you lose, because there, number one, isn't a final injunction yet, and number two, there's still unadjudicated claims back there, the First Amendment claims. That is correct, except for one point, and there is another issue that needs to be addressed, that in the court's order, the court ordered back pay, that the governor of the Virgin Islands in his official capacity, not individually, but in his official capacity— District court couldn't do that, could they? No, Your Honor. I think that that's pretty clear from the law. Yeah, that's an important point with which I preliminarily agree, but can we step back a moment before the back pay? We're into the default position, which is the classified employee, because I have my doubts about whether these employees were exempt and whether their designation was sent to the legislature. So there has to be that default position, which is the classified employee. But under classified employee, are there not subcategories? I think you mentioned one, regular employee, non-regular employee. Right, and for a regular employee, to become a regular employee, you have to have— Well, the difference has to do with notice, because non-regular employees do not have the benefit of notice. Is that right? And regular employees do. Right. There are definitely—if we determine that regular employees in the government are entitled to due process and notice, they have a property right. They're the more permanent employees who pass tests, who go through the merit or the civil service type of exams and so forth, and they just can't be fired for no reason. That's correct. And then that also goes to the collective bargaining agreements, and you're right. It's probably 95 percent of the employees in the government. So if the two plaintiffs in this case fall into that category, you're going to lose. That's a fair statement, Your Honor. So the court never distinguished it. So the question is, yeah, they never distinguished it, and the likelihood of success on the merits would, I think, have to incorporate this regular, non-regular employee analysis. And my question to you is, were they not regular employees entitled to notice and hearing before they got fired? Well, the answer, again, I view it probably in a different perspective than the court right now is viewing, in that in order to be a regular employee by definition, both under the definition sections under 451 and even 530, the new definition, you have to go through the process. You have to apply. You have to take a test. You have to interview. You have to be put on an eligibility list. Ultimately chosen. This never occurred. So the question right now is reconciling our merit system process with the facts here. But Judge McKee had asked earlier the point that that analysis, whether it hadn't been done in this case. At the very least, doesn't it have to go back to the district court to make that decision? And I believe the district court needs to do that. And in the opinion, it really, you know, you all are correct in that they really didn't do that analysis, and I agree with the court. But I think we need to still discuss, if you have any other questions with regard to the issue of the back pay, I'm assuming then at this point that the court is of the opinion that that was an inappropriate award by the court having the governor in it. Ignoring for myself, it's totally a problem. Yes, Your Honor. It's not a problem. If something is legally inappropriate, I don't know. But it's a problem. I wish we had somebody to argue against you. Me too, Your Honor. Well, maybe if you were really there and not prepared in this way, you could even argue against yourself. You could take a few minutes, jump over to the other side of the table, and talk about how you are absolutely out of your mind. Your arguments make absolutely no sense, and you're an affront to the legal profession. We're not. We're not. Lawyers can hold inconsistent thoughts in their heads. Right. And then you can jump back over here and say that you rest on your argument and rebuttal, and you take exception to everything that your learned colleague just said about you. I'm turning completely red, Geoff, and probably as a good lawyer I could do that, but I won't do that today. As a good lawyer, I'll bet you could do it. Yeah, probably I could. Next time, all right? Well, next time. Yes. So I guess you'll all let us know how you want us to proceed in terms of time constraints, because I don't know what the situation is with Mr. Moorhead in terms of his case. Nor do we. Until we find that out, that's a very fair question. But we have no idea what his situation is, and I'm electing to put a time restraint on it if his medical situation would make it unfair. I just don't know. It could be he'll be out of the hospital tomorrow. It could be in a few weeks. It could be he's confused where he was for the hospital. We don't know. Your Honors, what I would request, though, is because this is an extraordinary situation, I would request that since you do want brevity, if you don't mind, if in an order appears later for this part of it, if we could put a page limitation. Believe me. Okay. I just want to make that... There will be a page limitation. I just want to make sure that that's done. We're not going to invite a legal counterpart of war and peace to be submitted. Exactly. Exactly. Your Honors, thank you very much for the opportunity. Thank you very much, Ms. Shepard. We'll take the matter under advisement and move to the last case, which is People of Virgin Islands v. Tydell Jones.